IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00656-REB-BNB

JOSEPHINE GIANZERO, and
JENNIFER JENSEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WAL-MART STORES, INC., a Delaware corporation,
CLAIMS MANAGEMENT, INC., an Arkansas corporation,
AMERICAN HOME ASSURANCE CO., a New York corporation,
CONCENTRA HEALTH SERVICES, INC., a Nevada corporation, and
JOHN DOES 1-10, whose true names are unknown,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1) **Plaintiffs' Motion to Compel Defendant Wal-Mart to Provide Discovery** [Doc. # 110, filed 11/23/2009] (the "Motion to Compel Wal-Mart");

(2) **Plaintiffs' Motion to Compel Discovery From Concentra Health Services, Inc.** [Doc. # 138-21] (the "Motion to Compel Concentra");

(3) **Plaintiffs' Motion to Seal Pursuant to D.C.COLO.LCivR 7.2** [Doc. # 137, filed 12/30/2009] (the "Motion to Seal");

(4) **Plaintiffs' Opposed Motion to Exceed Page Limit on Motion to Compel Discovery From Concentra Health Services, Inc.** [Doc. # 138, filed 12/30/2009] (the "Plaintiffs' Motion to Exceed"); and

(5) **Defendant Concentra Health Services, Inc.'s Unopposed Motion to Exceed**

**Page Limit on Response to Plaintiff's Motion to Compel** [Doc. # 156, filed 1/25/2010] ("Concentra's Motion to Exceed").

I previously held a hearing on the Motion to Compel Wal-Mart on January 7, 2010, and ruled on certain issues. Those previous rulings are incorporated here by reference. I held a hearing on the remaining issues raised in the Motion to Compel Wal-Mart and on all of the other motions this afternoon, and made rulings on the record, which are also incorporated here. In summary and for the reasons stated on the record:

IT IS ORDERED that with respect to the issues not decided by my Order of January 7, 2010, the Motion to Compel Wal-Mart [Doc. # 110] is and DENIED IN PART and DENIED IN PART AS MOOT, as follows:

• DENIED insofar as the plaintiffs seek to compel the production of additional documents in connection with Production Request No. 5;

• DENIED insofar as the plaintiffs seek to compel information responsive to Interrogatory No. 6 concerning states other than Colorado; and

• DENIED AS MOOT in all other respects.

IT IS FURTHER ORDERED that the Motion to Compel Concentra [Doc. # 138-21] is GRANTED IN PART; DENIED IN PART; and DENIED IN PART AS MOOT as follows:

• GRANTED to require Concentra to produce documents and ESI responsive to the plaintiffs' discovery requests on or before February 12, 2010;

• DENIED insofar as it seeks information responsive to Interrogatory No. 20. Interrogatory No. 20 seeks the names of persons contacted by defense counsel to obtain affidavits but who refused to give an affidavit. The identity of witnesses contacted by

Concentra's counsel to obtain affidavits certainly reflects the lawyers' mental impressions and legal theories, is work product, and is not discoverable . See 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2028 at p. 415 ("Surely an interrogatory asking a party to identify all persons interviewed would contravene work product"). Nor have the plaintiffs made a sufficient showing of need to overcome Concentra's assertion of the work product immunity; and

- DENIED AS MOOT in all other respects.

IT IS FURTHER ORDERED that the Motion to Seal [Doc. # 137] is GRANTED.

IT IS FURTHER ORDERED that the Plaintiffs' Motion to Exceed [Doc. # 138] is GRANTED.

IT IS FURTHER ORDERED that Concentra's Motion to Exceed [Doc. # 156] is GRANTED.

Dated January 27, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge