IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge

Civil Action No. 09-cv-00656-REB-BNB

JOSEPHINE GIANZERO, and
JENNIFER JENSEN, individually and on behalf of all others similarly situated,

    Plaintiffs,

vs.

WAL-MART STORES INC., a Delaware corporation,
CLAIMS MANAGEMENT, INC., an Arkansas corporation,
AMERICAN HOME ASSURANCE CO., a New York corporation,
CONCENTRA HEALTH SERVICES, INC., a Nevada corporation, and
JOHN DOES 1-10, whose true names are unknown,

    Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

**Blackburn, J.**

This matter is before me on the **Plaintiffs' Motion for Class Certification** [#44][1] filed June 15, 2009. The defendants filed a response [#72], the plaintiffs filed a reply [#83], and the defendants filed a surreply [#93]. The plaintiffs filed a motion [#96] seeking permission to file a response to the defendants' surreply. Concluding that the relevant issues have been briefed adequately, I have denied that motion in a separate order. For the reasons discussed below, the plaintiffs' motion for class certification is granted.

This case concerns the medical treatment provided to Colorado Wal-Mart employees who have been injured on the job. When injured on the job, Colorado employees are entitled to medical treatment under the system defined by the Workers'

---

[1] "[#44]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Compensation Act of Colorado, §§8-40-101 - 8-55-105, C.R.S. (the Act). The plaintiffs allege that the defendants, working in concert with each other, imposed policies that unlawfully dictated and interfered with the medical treatment provided to Colorado Wal-Mart employees who were injured on the job and were entitled to medical treatment under the Act. The plaintiffs allege that the defendants imposed, and continue to impose, these unlawful policies on all Wal-Mart employees who sought or seek treatment under the Act. The plaintiffs seek both injunctive relief, requiring that the allegedly unlawful policies be rescinded, and damages.

The plaintiffs seek to have this case certified as a class action, under FED. R. CIV. P. 23. Under Rule 23, a class may be certified if several requirements are met. Rule 23(a) includes the following requirements: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class, and; (4) the representative parties adequately will protect the interests of the class. If the requirements of Rule 23(a) are satisfied, then one of the alternative requirements outlined in Rule 23(b) also must be met. Class certification is a matter committed to the discretion of the trial court. **Anderson v. City of Albuquerque**, 690 F.2d 796, 799 (10th Cir. 1982). A certified class may be altered, expanded, subdivided, or abandoned as the case develops. **See, e.g., Daigle v. Shell Oil Co.**, 133 F.R.D. 600 (D. Colo. 1990); **Dubin v. Miller**, 132 F.R.D. 269, 270-75 (D. Colo. 1990).

> (A) district court may not evaluate the strength of a cause of action at the class certification stage, but it must determine, without passing judgment on whether plaintiffs will prevail on the merits, whether a plaintiff has satisfied the provisions of Rule 23.

**Vallario v. Vandehey**, 554 F.3d 1259, 1267 (10th Cir.2009) (internal quotation and citation omitted).

# I. CLASS DEFINITION

The plaintiffs seek to certify a class of plaintiffs who properly can invoke Colorado law and which satisfies the following definition.

> All persons who, within the applicable statute of limitations, have received or have attempted to obtain, are currently receiving or are currently attempting to obtain, or will in the future receive or will attempt to obtain, workers' compensation benefits for injuries sustained within the course and scope of their employment with Wal-Mart.

*Motion for class certification* [#44], p. 8.

The defendants argue that this class definition is over-broad. First, the defendants note that some members of the plaintiff class sought treatment under the Act, obtained treatment, suffered no denial or delay in treatment, and suffered no harm caused by the allegedly unlawful policies. Second, the defendants argue that the policies challenged by the plaintiffs were modified, effective in January, 2008, and that the plaintiffs' claims are not relevant to the defendants' after the policies were modified. Third, the defendants argue that the plaintiffs' class definition includes Wal-Mart employees who saw physicians who were not subject to the policies in question.

The issues raised by the defendants do not undermine the validity of the plaintiffs' proposed class definition. The claims asserted by the plaintiffs include claims for injunctive and other relief that potentially are valid even as to members of the class who did not suffer a delay or denial of medical treatment. As outlined in the plaintiffs' reply [#83], the modification of the policies in question in January, 2008, does not necessarily invalidate the plaintiffs' claims based on treatment sought by Wal-Mart employees after January 2008. The plaintiffs' claims arguably are applicable to the modified policies. On the current record, I cannot determine whether any of the proposed class of plaintiffs saw physicians who were not subject to the policies in question. At this stage, this issue does

not undermine the validity of the plaintiffs' proposed class definition.

Therefore, I conclude that the class should be defined as follows:

All persons who, within the applicable statute of limitations, have received or have attempted to obtain, are currently receiving or are currently attempting to obtain, or will in the future receive or will attempt to obtain workers' compensation benefits for injuries sustained within the course and scope of their employment with Wal-Mart. The plaintiff class is limited to plaintiffs whose workers' compensation benefits were or are regulated by the Workers' Compensation Act of Colorado.

## II. RULE 23(a)

### 23(a)(1) - Numerosity

Rule 23(a)(1) requires that a proposed class be so numerous that joinder of all members of the class is impracticable. There is no minimum numerical threshold which must be exceeded to satisfy this requirement. Rather, the nature of the particular case, and the nature of the proposed class, are key considerations in determining whether joinder of all parties is not practical. *See, e.g., Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 274-76 (10th Cir. 1977). The defendants acknowledge that 6,933 Colorado Wal-Mart employees have filed claims for workers' compensation benefits since 2005. *Response* [#72], p. 5. That figures provides some measure of the number of people that would be included in a plaintiff class, as defined above. Joinder of this many parties in an action such as this one certainly is not practical. The plaintiffs' proposed class satisfies the numerosity requirement of Rule 23(a)(1).

### 23(a)(2) - Common Questions of Law or Fact & 23(a)(3) - Typicality

Rule 23(a)(2) requires that the claims of members of a proposed class present "common questions of law or fact." Complete identity of legal claims among class members is not required. Rather, the provision requires that there be two or more issues whose resolution will affect all or a significant number of the members of the proposed

4

class.  *See Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir. 1982).  Rule 23(a)(3) requires that the claims of a proposed class representative be typical of the claims of the class.  "The commonality and typicality requirements tend to merge," but both "serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are [sufficiently] interrelated . . . ."  *General Telephone Company of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982).  The United States Court of Appeals for the Tenth Circuit has said that the typicality requirement is satisfied if there are common questions of law or fact.  *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982), *cert. denied*, 460 U.S. 1069 (1983); *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988).

It is not difficult to find common factual and legal questions within a class of plaintiffs who allegedly have been harmed by the policies of the defendants that allegedly impaired the plaintiffs' rights under the Act.  Among the common questions of law and fact are

   (1)  The nature of the defendants' allegedly improper policies;

   (2)  Whether the defendants' policies violated the provisions of the Act;

   (3) The effect, if any, the defendants' policies had on the Workers' compensation benefits afforded to the members of the plaintiff class;

   (4)  Whether the defendants' alleged policies and conduct, if proven, substantiate one or more of the claims asserted by the plaintiffs; and

   (5)  What relief, if any, should be granted to the plaintiff class if one or more of the plaintiffs' claims is proven.

Resolution of each of these issues would affect all or a significant number of the members of a class of plaintiffs who may have been harmed by the defendants' alleged actions.

The defendants argue that the claims of the proposed class of plaintiffs do not have sufficient typicality to satisfy the requirements of Rule 23.  Most important, the defendants

5

argue that any injuries suffered by members of a plaintiff class which may have been caused by the defendants' policies is highly individualized and variable. However, as the plaintiffs note, a major focus of the plaintiffs' complaint is whether the defendants' policies, practices, and procedures, which allegedly were and are applicable to all workers' compensation claims field by Colorado Wal-Mart employees, violated the requirements of the Act. This aspect of the plaintiffs' claims establishes typicality for the purposes of Rule 23.

A plaintiff's claim is typical of class claims if it challenges the same conduct that would be challenged by the class. ***See, e.g., Johnston v. HBO Film Management*, *Inc.***, 265 F.3d 178, 184 (3rd Cir. 2001). Factual differences among individual claims do not defeat typicality, as long as the legal theory underlying the plaintiffs claims is the same. *Id*. The variances in the plaintiffs' claims may present challenges, but there is no indication that these challenges cannot be overcome. The plaintiffs' claims challenge the same conduct that would be challenged by a plaintiff class, and there is a broad base of common factual and legal issues among the claims of the proposed plaintiff class. The plaintiffs' proposed class satisfies the commonality and typicality requirements of Rule 23(a)(2) and (3).

### 23(a)(4) - Adequate Representation

Rule 23(a)(4) requires that a proposed class representative adequately protect the interests of the class as a whole. This requirement is intended to ensure that a class representative has sufficient interests in common with the class that the representative adequately will assert and protect the interests of the class. The adequate representation requirement of Rule 23(a)(4) concerns both the competence of the class representative's counsel, and the representatives' willingness and ability to control the litigation and to

protect the interests of the class as a whole.  *See, e.g., Horton v. Goose Creek Independent School District*, 690 F.2d 470, 484 (5th Cir. 1982).

On the current record, I conclude that there is ample evidence that the two named plaintiffs are willing and able to control the litigation and to protect the interests of the class as a whole.  As discussed *infra*, I conclude also that counsel for the named plaintiffs have demonstrated ample competence to represent the named plaintiffs and the class in this case.

### III.  RULE 23(b)

The plaintiffs seek class certification under Rule 23(b)(1), (b)(2), and (b)(3).  Rule 23(b)(1) and (3) provide

> **(b) Class Actions Maintainable.**  An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>
> > (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
> >
> > (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or

7

against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

I conclude that the provisions of Rule 23(b)(2) and (3) define the most appropriate classifications for this case. The plaintiffs allege that the defendants have acted on grounds generally applicable to members of the class and, if the plaintiffs are able to establish certain of their claims, then final declaratory or injunctive relief for the class likely will be appropriate. In addition, common questions of law and fact predominate over questions that affect only particular members of the class. In terms of efficiency for the parties and for the court, a class action is superior to individual suits in the effort to achieve a fair and efficient adjudication of the plaintiffs' claims. Having considered the four factors specified in Rule 23(b)(3), I conclude that these factors do not weigh significantly against the certification of a class in this case.

## IV.  RULE  23(g)

Under Rule 23(g), the court must appoint class counsel when a class is certified. Factors relevant to the appointment of class counsel are: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. The expertise and qualifications of proposed class counsel are set forth in the declaration of Solomon B. Cera [#44-7] and associated exhibits, which are attached to the plaintiffs' motion for class certification [#44]. Based on counsels' specialized experience in the relevant areas of law, and the conduct of plaintiffs' counsel to date in this case, I conclude that the plaintiffs' counsel satisfies the requirements outlined in FED. R. CIV. P. 23(g). Plaintiffs' counsel are amply qualified to act as counsel for a plaintiff

class.

## V.  NOTICE

Under Rule 23(c)(2)(B), "the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort" when a class is certified under Rule 23(b)(3).  I direct the plaintiffs to file with the court a proposed form of notice to members of the class, and I direct that the plaintiffs propose a method for directing the notice to the members of the class.  After the defendants have had an opportunity to respond to the plaintiffs' proposals, the court will direct a form of notice and a method of notifying the members of the class.

## VI.  ORDERS

**THEREFORE IT IS ORDERED** as follows:

1.  That the **Plaintiffs' Motion for Class Certification** [#44] filed June 15, 2009, is **GRANTED** on the terms stated in this order;

2.  That the plaintiff class **IS DEFINED** as

All persons who, within the applicable statute of limitations, have received or have attempted to obtain, are currently receiving or are currently attempting to obtain, or will in the future receive or will attempt to obtain, workers' compensation benefits for injuries sustained within the course and scope of their employment with Wal-Mart.  The plaintiff class is limited to plaintiffs whose workers' compensation benefits were or are regulated by the Workers' Compensation Act of Colorado.

3.  That Frances A. Koncilja, of Koncilja & Associates, P.C., Solomon B. Cera, of Gold Bennett Cera & Sidener, LLP, and Seven U. Mullens, of Steven U. Mullens, P.C., are **APPOINTED** as counsel for the plaintiff class;

4.  That on or before **April 30, 2010**, the plaintiffs **SHALL FILE** with the court a proposed form of notice to members of the class, and a proposal for directing the notice to the members of the class, in compliance with FED. R. CIV. P.  23(c)(2)(B); and

5. That the deadlines for the defendants to file a response to the plaintiffs' notice proposals, and the plaintiffs' reply, **SHALL BE GOVERNED** by D.C.COLO.LCivR 7.1C.

Dated March 29, 2010, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge