# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 09-cv-00656-REB-BNB

JOSEPHINE GIANZERO, and
JENNIFER JENSEN, individually and on behalf of all others similarly situated,

    Plaintiffs,

vs.

WAL-MART STORES INC., a Delaware corporation,
CLAIMS MANAGEMENT, INC., an Arkansas corporation,
AMERICAN HOME ASSURANCE CO., a New York corporation,
CONCENTRA HEALTH SERVICES, INC., a Nevada corporation, and
JOHN DOES 1-10, whose true names are unknown,

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

**Blackburn, J.**

    This matter is before me on the defendants' **Motion To Dismiss Plaintiffs' Class Action Complaint** [#29][1] filed May 11, 2009. The plaintiffs filed a response [#41]. I deny the motion.

## I. JURISDICTION

    I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## II. STANDING - FED. R. CIV. P. 12(b)(1)

    The defendants argue that the plaintiffs' complaint must be dismissed for lack of

---

[1] "[#29]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

standing under FED. R. CIV. P. 12(b)(1) because the plaintiff's allegations do not indicate that the plaintiffs suffered a concrete and particularized injury caused by the defendants' allegedly wrongful actions. To establish standing, a plaintiff must allege (1) injury in fact; (2) a causal connection between the injury and the defendant's challenged action; and (3) a likelihood that the injury will be redressed by a favorable decision. ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 560-561 (1992).  As the defendant notes, general factual allegations of injury are sufficient, but the alleged injury must be stated as factual and not speculative.

In the complaint, the plaintiffs allege that the defendants conspired improperly and unlawfully to control and manipulate the system of medical care providers that provides medical treatment to employees of Wal-Mart who are injured on the job and who are entitled to medical treatment under Colorado's workers' compensation system. The plaintiffs allege that they were Wal-Mart employees, they were injured on the job, and they sought treatment under the Colorado workers' compensation system.  In a general fashion, the plaintiffs allege that they suffered damages when their treatment was withheld, delayed, and/or denied as a result of the defendants' improper and unlawful efforts to control and manipulate the system of medical care providers.  *See, e.g., Complaint*, ¶¶ 58 - 59.  Although described in general terms in the plaintiffs' complaint, withholding, delaying, or denying medical treatment is a concrete and particular injury in fact sufficient to establish standing.  The defendants' motion to dismiss the plaintiffs' complaint under FED. R. CIV. P. 12(b)(1) for lack of standing must be denied.

## III. STANDARD OF REVIEW
## FAILURE TO STATE A CLAIM - FED. R. CIV. P. 12(B)(6)

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003). I review the amended complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." **Id.** (emphases in original).[2] Nevertheless, the standard

---

[2] **Twombly** rejected and supplanted the "no set of facts" language of **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

## IV. CIVIL CONSPIRACY

The defendants argue that the allegations in the plaintiffs' third and fifth claims for relief are insufficient to state claims for civil conspiracy. Under Colorado law, a claim of civil conspiracy has four elements[3]:

> (1) The defendant and at least one other person agreed, by words or conduct, to accomplish an unlawful goal or to accomplish a goal through unlawful means;
>
> (2) One or more unlawful acts were performed to accomplish the goal or one or more acts were performed to accomplish the unlawful goal;
>
> (3) The plaintiff had damages; and
>
> (4) The plaintiffs damages were caused by the acts performed to accomplish the goal.

I conclude that the plaintiffs' allegations are sufficiently specific to state claims for civil conspiracy. Thus, the defendants' motion to dismiss the plaintiffs' civil conspiracy claims must be denied.

---

> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974; internal citations and footnote omitted).

[3] *See* **CJI-Civ. 4th 27:1** and the concomitant *Notes on Use* and *Source and Authority*.

## V.  RICO & COCCA CLAIMS

### A.  18 U.S.C. § 1962(c)

The defendants argue that the allegations in the plaintiffs' complaint are insufficient to state a claim under 18 U.S.C. § 1962(c), part of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 - 1968.  The defendants contend that the plaintiff's allegations are insufficient for three independent reasons: (1) failure to allege a RICO "enterprise" separate and distinct from the underlying RICO "persons"; (2) insufficient factual allegations to demonstrate participation by the defendants in the conduct of an "enterprise"; and (3) absence of specific allegations of fraud, as required by FED. R. CIV. P. 9(b), to serve as a RICO "predicate act" and to allege the requisite "pattern" of racketeering activity.

I have reviewed the parties' arguments as stated in the defendants' motion to dismiss [#29] and plaintiffs' response [#41], as well as the relevant allegations in the plaintiffs' complaint [#1].  I conclude that the plaintiffs' allegations are sufficient to allege a cognizable RICO enterprise, including the required structure, hierarchy or control.  I conclude also that the plaintiff's allegations are sufficient to demonstrate participation by the defendants in the conduct of the alleged RICO "enterprise."  Finally, I conclude that the plaintiffs' allegations of fraud are sufficiently specific to satisfy the standard of FED. R. CIV. P. 9(b), to allege a RICO "predicate act," and to allege the requisite "pattern" of racketeering activity.

### B.  18 U.S.C. § 1962(d)

The defendants argue that the plaintiffs' allegations are insufficient to allege a RICO conspiracy under § 1962(d).  First, the defendants argue that the plaintiffs' RICO conspiracy claim fails because the plaintiffs fail to state a valid substantive RICO claim

5

under § 1962(c). In order to state a claim for a RICO conspiracy under § 1962(d), a complaint first must state a claim for a substantive RICO violation. As discussed above, I conclude that the plaintiffs' allegations are sufficient to state a substantive RICO claim under § 1962(c). This alleged substantive RICO violation provides a sufficient foundation for the plaintiffs' RICO conspiracy claim under § 1962(d).

The defendants argue also that the plaintiffs have failed to allege with sufficient particularity an agreement by the defendants and concerted action in furtherance of the agreement. I conclude that the plaintiffs' factual allegations allege with sufficient particularity both an agreement by the defendants and concerted action in furtherance of the agreement. The factual allegations in the plaintiffs' complaint satisfy the liberal pleading standard applicable here. The plaintiff's factual allegations suggest that the plaintiffs have a reasonable likelihood of mustering factual support for their RICO conspiracy claim.

### C. COCCA

The Colorado Organized Crime Control Act (COCCA) is modeled after RICO. Absent a prior different interpretation of the COCCA by a Colorado court, federal case law construing RICO is instructive in applying the COCCA. ***Ferris v. Bakery, Confectionery and Tobacco Union, Local 26***, 867 P.2d 38, 46 (Colo.App.1993). In this case, the plaintiff's RICO claims and their COCCA claim essentially are parallel. The defendants argue that because the plaintiffs' RICO claims fail, the plaintiffs' COCCA claim fails also. I conclude that the plaintiffs' allegations are sufficient to state viable RICO claims and, therefore, that the plaintiffs' allegations are sufficient to state a viable COCCA claim.

## VI. CLASS ALLEGATIONS

The defendants challenge also the plaintiffs' class action allegations. The defendants note correctly that the plaintiffs' claims are founded on the Colorado Workers' Compensation Act. However, the defendants read the plaintiffs' class allegations to propose a nationwide class of Wal-Mart employees who have been injured by the defendants' alleged violations of the protections afforded by Colorado workers' compensation law. Of course, Colorado law generally is not applicable to Wal-Mart employees working outside of Colorado.

The class definition proposed in the plaintiffs' complaint does not specifically limit the proposed plaintiff class to Wal-Mart employees working in Colorado. *Complaint* [#1], ¶ 60. However, subsequent paragraphs in the complaint indicate that the proposed class is limited to class members who have claims for violation of Colorado workers' compensation law. In their response to the motion to dismiss, the plaintiffs indicate that their proposed class is so limited. Reading this limitation into the plaintiffs' class allegations, the class allegations need not be stricken from the complaint.

## VII. ORDER

**THEREFORE, IT IS ORDERED** that the defendants' **Motion To Dismiss Plaintiffs' Class Action Complaint** [#29] filed May 11, 2009, is **DENIED**.

Dated March 29, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge