IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00656-REB-BNB

JOSEPHINE GIANZERO, and
JENNIFER JENSEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WAL-MART STORES, INC., a Delaware corporation,
CLAIMS MANAGEMENT, INC., an Arkansas corporation,
AMERICAN HOME ASSURANCE CO., a New York corporation,
CONCENTRA HEALTH SERVICES, INC., a Nevada corporation, and
JOHN DOES 1-10, whose true names are unknown,

Defendants.
_____

**ORDER**
_____

This matter arises on **Defendant Concentra Health Services, Inc.'s Motion to Compel Plaintiff's Medical Records** [Doc. # 211, filed 8/19/2010] (the "Motion to Compel"). I held a hearing on the Motion to Compel this morning and made rulings on the record, which are incorporated here.

Concentra seeks an order compelling the named plaintiffs to produce releases for all health care providers in order for Concentra to obtain the plaintiff's medical records for ten years time. At issue here, however, is the care and treatment received by the plaintiffs in connection with workplace injuries occurring on November 26, 2005 (Gianzero), and July 3, 2007 (Jensen). I am persuaded that all medical records relating to or arising from the plaintiffs' workplace injuries and all materials contained in their worker's compensation case files either are relevant to matters at issue in this case or are reasonably calculated to lead to the discovery of admissible

evidence, and that any physician-patient privilege attaching to those materials has been impliedly waived by the commencement of this action. See Samms v. District Court, 908 P.2d 520, 525(Colo. 1995). Medical records unrelated to the workplace injury and/or not contained in the plaintiffs' worker's compensation case files, however, based on the record now before me, are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and are residually privileged. See Reutter v. Webber, 179 P.3d 977, 979 (Colo. 2007).

Concentra's request for an order requiring the plaintiffs to sign medical releases so that Concentra may obtain the records directly from the health care providers lacks any basis. This court has held:

> A review of cases addressing whether a court may order production of executed medical releases reveals a split of authority. The first view primarily looks to the plain language of Rule 34 to conclude that records not in the party's possession may not be compelled and that Rule 34 does not permit the Court to order the party's signature on a medical release form. The second view generally permits an order compelling a signature on a release form when the party has placed his or her medical condition at issue in the case. However, even courts that compel authorizations from the plaintiff typically require the defendant first to seek the documents directly from the third party who has custody of the documents. It is only after the individuals or entities object on grounds of privilege or otherwise fail to produce the documents pursuant to subpoena that the Court will . . . compel the party to execute appropriate releases pursuant to the Court's general powers to enforce its own orders.

Morris v. City of Colorado Springs, 2009 WL 4927618 *2 (D. Colo. Dec. 18, 2009)(internal quotations and citations omitted). See Bouchard v. Whetstone, 2010 WL 1435484 *1 (D. Colo. April 9, 2010)(same).

Parties may agree, as a matter of convenience and efficiency, to proceed as Concentra suggests, and the plaintiffs have indicated their willingness to sign such releases concerning the medical records contained in the files of the doctors conducting divisional independent medical examinations and independent medical examinations in the plaintiffs' worker's compensation cases. Nothing in the Federal Rules of Civil Procedure or in this order prohibits such cooperation among the parties to achieve informal discovery.

The plaintiffs' discovery responses are replete with objections which obscure what the plaintiffs are producing and what is objected to. Wal-Mart's production request number 4 and the plaintiffs' response to it are indicative:

> **REQUEST FOR PRODUCTION NO. 4**: All documents that refer or relate in any way to the care or treatment you received in connection with the Incident, including, but not limited to, all diaries, notes, letters, e-mails, calendars or any kind related in any way to the care or treatment you received, and any medical records, handouts, pamphlets, brochures, or preprinted material, along with any and all materials provided to you at any or your subsequent hospitalizations or office visits including, discharge instructions, prescriptions or other documents received from anyone pertaining to any medical care. For materials produced, please identify from whom they were received and when.
>
> **ANSWER TO REQUEST FOR PRODUCTION NO. 4:**
>
> Plaintiffs object to this request on the basis that it is overly broad in time, subject matter, and scope, it is unduly burdensome and the information sought is neither relevant nor calculated to lead to the discovery of admissible evidence. Plaintiffs also incorporate by this reference the General Objections submitted. Plaintiffs object to the term "refer or relate" as being vague and ambiguous. Plaintiffs object to the term "Incident" because it refers to the injury in the workers compensation cases, much of which is information that is irrelevant to the claims asserted in this action. Plaintiffs further object to this request because much of this information has already been provided to Defendant Wal-Mart in a workers' compensation proceeding. Subject to and reserving

> Plaintiffs objections, Plaintiffs designate their responses as
> Confidential pursuant to the Protective Order entered in this case
> on July 7, 2009.

Plaintiffs' Answers and Objections to Defendant Wal-Mart Stores, Inc.'s First Set of Requests for Production of Documents [Doc. # 211-1] at pp. 6-7.

To the contrary, Wal-Mart (and, derivatively, Concentra as a co-defendant) are entitled to an unequivocal discovery response making clear that the plaintiffs are producing all of the medical records in their possession, custody, or control concerning or relating to their workplace injuries and their worker's compensation claims, and that the objections are interposed only to the extent that the request can be read to call for materials outside of the workplace injuries and worker's compensation claims.

IT IS ORDERED that:

(1) The Motion to Compel [Doc. # 211] is GRANTED as specified; and

(2) On or before **September 20, 2010**, the plaintiffs shall provide supplemental discovery responses consistent with this order and produce to the defendants all medical records in their possession, custody, and control relating to or arising from the plaintiffs' workplace injuries and all materials contained in their worker's compensation case files.

Dated September 3, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge