IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00656-REB-BNB

JOSEPHINE GIANZERO, and
JENNIFER JENSEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WAL-MART STORES, INC., a Delaware corporation,
CLAIMS MANAGEMENT, INC., an Arkansas corporation,
AMERICAN HOME ASSURANCE CO., a New York corporation,
CONCENTRA HEALTH SERVICES, INC., a Nevada corporation, and
JOHN DOES 1-10, whose true names are unknown,

Defendants.
_____

**ORDER**
_____

This matter arises on **Plaintiffs' Motion to Compel Depositions of Concentra Health Services, Inc.** [Doc. # 233, filed 10/7/2010] (the "Motion to Compel"). I held a hearing on the Motion to Compel this morning and made rulings on the record, which are incorporated here.

The Motion to Compel addresses two main categories--(1) facts surrounding Concentra's electronically stored information ("esi") and what was done to comply with discovery requests directed at discovering esi (the "esi discovery"); and (2) information about Concentra's databases and reporting systems (the "database discovery"). The plaintiffs served Rule 30(b)(6) deposition notices on Concentra describing the matters for examination. Concentra claims that the plaintiffs failed to confer about the esi discovery and that the database discovery is overbroad and largely unintelligible.

I agree, with respect to the esi discovery, that the plaintiffs failed meaningfully to comply

with D.C.COLO.LCivR 7.1A prior to filing the Motion to Compel. Plaintiffs' counsel conceded during the hearing this morning and with respect to Category 1 of the esi discovery that she had not previously raised with Concentra's counsel the principal concerns argued at the hearing.

I also agree, with respect to the database discovery, that it is largely unintelligible. For example, Category 2 of the database discovery identifies the following matter for examination:

> 2. For each the following systems identified below, the deponent(s) should have knowledge regarding all aspects of it including, but not limited to: all data that have, are or may be used concerning Wal-Mart and Sam's Club employees in Colorado; financial and statistical documents that can be run or derived and the process of how it is done; financial and statistical data that may be extracted and imported into proprietary, internal or commercial software (such as Microsoft Excel or Lotus Notes); any standard or customized documents used by you; all data and documents provided to your medical facilities in Colorado, market managers, regional managers, and national managers; all data and documents provided to defendants and any third parties; all data and documents provided by your medical facilities in Colorado, market managers, regional managers, and national managers that is input or otherwise transferred or transmitted into the system; all data and documents provided by defendants and any third parties that is input or otherwise transferred or transmitted into the system. The systems are:
>
> a. The Oracle database referred to in Concentra's response to Interrogatory 11 concerning Wal-Mart and Sam's Club employees in Colorado;
>
> b. The OccuSource Medical Records Management System referred to in Concentra's response to Interrogatory 11 concerning Wal-Mart and Sam's Club employees in Colorado; and
>
> c. Any database(s) or reporting system(s) used by you concerning Wal-Mart and Sam's Club employees in the state of Colorado that is not included in the systems identified in (a) and (b), above.

Motion to Compel [Doc. # 233] at pp. 8-9. The request is unintelligible. The plaintiffs, in the Motion to Compel, explain that Category 2 is designed to obtain testimony about "information

about Concentra's database(s) and other reporting systems" and "to determine what types of information these systems contain, the reports that are and can be generated, and how to best obtain it." Id. at p. 9. If that is the nature of the information the plaintiffs seek, they must describe the matter in plain, understandable terms.

IT IS ORDERED that:

(1)  The Motion to Compel [Doc. # 233] is DENIED;

(2)  The parties are directed to have a meaningful Rule 7.1A conference to attempt to resolve their disagreements about the esi and database discovery. The Rule 7.1A conference must be accomplished by face-to-face meetings, and the exchange of correspondence, e-mails, and telephone conferences will not suffice; and

(3)  If, after a meaningful Rule 7.1A conference, any points of disagreement remain (and I expect at a minimum that they will be substantially reduced in number and scope, although I am hopeful that all matters can be resolved), the plaintiff may file a supplemental motion to compel addressing those issues.

Dated October 22, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge