**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Action No. 09-cv-00656-REB-BNB

JOSEPHINE GIANZERO, and
JENNIFER JENSEN, individually and on behalf of all others similarly situated,

    Plaintiffs,

vs.

WAL-MART STORES INC., a Delaware corporation,
CLAIMS MANAGEMENT, INC., an Arkansas corporation,
AMERICAN HOME ASSURANCE CO., a New York corporation,
CONCENTRA HEALTH SERVICES, INC., a Nevada corporation, and
JOHN DOES 1-10, whose true names are unknown,

    Defendants.

**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**Blackburn, J.**

    This matter is before me on **Defendant Claims Management, Inc.'s Motion for Partial Summary Judgment Regarding Statutes of Limitations** [#203][1] filed August 10, 2011. The other defendants joined in the motion. *See* [#204 & #205]. The plaintiffs filed a response [#226], and the defendants filed a reply [#231]. I deny the motion.[2]

---

[1] "[#53]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for partial summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the papers. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), § 1332 (diversity), and § 1367 (supplemental).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 514 U.S. 1004 (1995). By contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense. *See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works*, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326

(10th Cir.), **cert. denied**, 528 U.S. 815 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 528 U.S. 933 (1999); *Nutting v. RAM Southwest, Inc.*, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III.  ANALYSIS

This case concerns the medical treatment provided to Colorado Wal-Mart employees who were injured on the job.  When injured on the job, Colorado Wal-Mart employees are entitled to medical treatment under the system defined by the Workers' Compensation Act of Colorado, §§8-40-101 - 8-55-105, C.R.S. (the Act).  The plaintiffs allege that the defendants, working in concert with each other, imposed policies that dictated and interfered unlawfully with the medical treatment provided to Colorado Wal-Mart employees who were injured on the job and who were entitled to medical treatment under the Act.  The plaintiffs allege that the defendants improperly required, and continue to require, treatment providers to follow protocol notes that improperly direct and/or restrict the medical treatment provided to injured Wal-Mart workers under the Act.  The plaintiffs allege that the policies implemented by the defendants result in delays in the injured workers' receipt of treatment, denial of prescribed medical treatment, withholding of benefits, and/or the inability of the injured workers to obtain prescribed medical treatment.

A class of plaintiffs has been certified in this case.  The plaintiffs assert nine claims for relief.  It is undisputed that claims 1, 2, 3, 5, and 8 each are subject to a two year period of limitations. Claim 4 is subject to a three year period of limitations, with a

possible extension to four years, and claims 6, and 7 are subject to a four year period of limitations. Claim 9 is a claim for injunctive relief.  The period of limitations applicable to this claim is dependent on which of the other eight claims provide the basis for any injunctive relief.  The plaintiffs commenced this case on March 24, 2009.

The defendants seek summary judgment "as to any claims pre-dating the limitations period applicable to each claim alleged by Plaintiffs." *Motion for summary judgment* [#203], p. 6.  The defendants argue that "the earliest date when viable claims could exist, and when the class period could begin, is March 24, 2005," for claims with a four-year period of limitations.  *Id.*, p. 2.   The claims of the plaintiff class are viable, the defendants note, only if those claims accrued on or after March 24, 2007, for claims with a two-year limitations period, March 24, 2006, for claims with a three-year limitations period, and March 24, 2005, for claims with a four-year limitations period.

In response, the plaintiffs note that the defendants have not come forward with any evidence which demonstrates when the plaintiffs' claims accrued.  In their complaint [#1], the plaintiffs allege that plaintiff, Josephine Ginazero discovered the defendants' allegedly unlawful policies in May, 2007.  *Complaint* [#1], ¶ 172.  Gianzero's discovery, the plaintiffs allege, "led to the discovery of Defendants' scheme designed to deprive all injured Wal-Mart employees of the medical treatment to which they are legally entitled." *Id*.  The plaintiffs argue that there is no evidence in the record that shows that any plaintiff discovered the defendants' alleged scheme before May, 2007.  Absent such evidence, the plaintiffs argue, summary judgment cannot be granted on the basis argued by the defendants.

Accrual of the plaintiffs' state law claims is controlled by §13-80-108, C.R.S.  In

4

relevant part, that statute provides:

> (3) A cause of action for fraud, misrepresentation, concealment, or deceit shall be considered to accrue on the date such fraud, misrepresentation, concealment, or deceit is discovered or should have been discovered by the exercise of reasonable diligence.
>
> * * * *
>
> (6) A cause of action for breach of any express or implied contract, agreement, warranty, or trust shall be considered to accrue on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence.
>
> * * * *
>
> (8) A cause of action for losses or damages not otherwise enumerated in this article shall be deemed to accrue when the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence.

§13-80-108(3), (6), and (8), C.R.S.

The plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 - 1968, accrue when the plaintiffs' discover the injury caused by the alleged RICO violations. **Rotella v. Wood**, 528 U.S. 549, 553 - 557 (2000).

The plaintiffs argue that there is no evidence in the record that shows that any of the plaintiffs discovered the defendants' alleged unlawful policies, and the concealment of those policies, before May, 2007. Similarly, the plaintiffs argue that there is no evidence in the record that shows that any of the plaintiffs discovered the defendants' alleged breach of contract or other conduct giving rise to the plaintiffs' claims before May, 2007. Finally, I note that the defendants have cited no evidence that demonstrates when the plaintiffs discovered the injuries allegedly caused by the RICO violations or other alleged violations of law.

Generally, an expired statute of limitations is an affirmative defense. **See Grear**

*v. Mulvihill*, 207 P.3d 918, 922 (Colo.App. 2009); FED. R. CIV. P. 8(c).  Although the statute of limitations is an affirmative defense, the issue may be resolved on a motion to dismiss when the application of the limitations period is apparent on the face of the complaint.  *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir.2008).  Given the circumstances of this case, the application of the relevant periods of limitation is not apparent from the face of the complaint.  As a result, the defendants bear the burden of submitting evidence to establish this affirmative defense.  *See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002).  The defendants have not submitted evidence that demonstrates when the claims of any of the plaintiffs accrued.  As a result, I cannot grant summary judgment on any aspect of the defendants' affirmative defense of expired statute of limitations.

### IV.  ORDER

**THEREFORE, IT IS ORDERED** that **Defendant Claims Management, Inc.'s Motion for Partial Summary Judgment Regarding Statutes of Limitations** [#203] filed August 10, 2011, is **DENIED**.

Dated March 24, 2011, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge