IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00656-REB-BNB

JOSEPHINE GIANZERO, and
JENNIFER JENSEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WAL-MART STORES, INC., a Delaware corporation,
CLAIMS MANAGEMENT, INC., an Arkansas corporation,
AMERICAN HOME ASSURANCE CO., a New York corporation,
CONCENTRA HEALTH SERVICES, INC., a Nevada corporation, and
JOHN DOES 1-10, whose true names are unknown,

Defendants.

---

## ORDER

---

This matter arises on the following:

(1)     **Plaintiffs' Motion to Compel Discovery From Concentra Health Services,
Inc.** [Doc. # 305, filed 5/6/2011] ("Plaintiffs' Motion to Compel Concentra");

(2)     **Defendant Concentra Health Services, Inc.'s Motion to Conduct *Ex Parte*
Meetings With Plaintiffs' Medical Providers** [Doc. # 308, filed 5/6/2011] ("Concentra's
Motion: *Ex Parte* Interviews");

(3)     Defendant Wal-Mart's **Motion to Compel Plaintiffs to Respond to Wal-Mart's
Second Set of Interrogatories and Requests for Production of Documents** [Doc. # 309, filed
5/6/2011] ("Wal-Mart's Motion to Compel");

(4)     **Plaintiffs' Motion to Compel Defendant American Home Assurance Company's Answers to Plaintiffs' First Set of Interrogatories and Responses to Plaintiffs' First Set of Requests for Production of Documents** [Doc. # 311, filed 5/6/2011] ("Plaintiffs' Motion to Compel AHAC");

(5)     **Plaintiffs' Motion to Compel Defendant Wal-Mart Stores, Inc. and Claims Management, Inc. Answers to Plaintiffs' Third Set of Interrogatories and Responses to Plaintiffs' Fourth Set of Requests for Production of Documents** [Doc. # 312, filed 5/6/2011] ("Plaintiffs' First Motion to Compel Wal-Mart");

(6)     **Plaintiffs' Motion for a Protective Order Regarding Absent Class Member Discovery** [Doc. # 313, filed 5/6/2011] ("Plaintiffs' Motion for Protective Order");

(7)     **Plaintiffs' Motion to Compel Production of Documents Identified on Privilege and Redaction Logs By Wal-Mart Stores, Inc. and Claims Management Inc.** [Doc. # 316, filed 5/6/2011] ("Plaintiffs' Second Motion to Compel Wal-Mart");

(8)     **Defendant Concentra Health Services, Inc.'s Motion to Enforce Confidentiality Designations for Documents Produced Under the Court's Protective Order** [Doc. # 351, filed 5/31/2011] ("Concentra's Motion re: Confidential Documents"); and

(9)     **Plaintiffs' Emergency Motion and Request for Expedited Briefing and Hearing for Relief from May 9, 2011 Order Regarding the Deposition of Dr. Joseph Fortunato and Request for Sanctions** [Doc. # 362, filed 6/6/2011] (the "Motion re: Fortunato Deposition").

Because of concerns that the parties were filing belated discovery motions that threatened the viability of the case schedule, I required that all motions addressing known discovery

disputes be filed by May 6, 2011.  Order [Doc. # 284] at p. 5.  That precipitated most of the current storm.

## 1.  PLAINTIFFS' MOTION TO
## COMPEL CONCENTRA [Doc. # 305]

The plaintiffs seek an order compelling responses to one interrogatory and two requests for production of documents.

**Interrogatory No. 19:**  Plaintiffs' Motion to Compel Concentra is GRANTED with respect to Interrogatory No. 19 to require Concentra to disclose the full names, titles, last known home and business addresses, and last known telephone numbers for the Concentra employees or affiliates who provided treatment to work-injured Wal-Mart employees.  The information is relevant to the parties' claims and defenses or may lead to the discovery of admissible evidence.  In addition, much of the information is necessary to allow service of subpoenas, if required.

**Request for Production No. 25:**  Plaintiffs' Motion to Compel Concentra is DENIED with respect to Request for Production No. 25.  I am persuaded by the evidence, see Declaration of Lisa Love [Doc. # 335-1] (indicating that a response would require review of 8,379 patient charts at a cost estimated to range from $620,000 to several million dollars), that requiring Concentra to produce the documents called for by the production request would be unduly burdensome and that the "burden or expense of the proposed discovery outweighs its likely benefit" under the circumstances.  Fed. R. Civ. P. 26(b)(2)(C)(iii).

The plaintiffs attempt to rewrite the request to limit it to a "sampling of the medical files."  Plaintiffs' Motion to Compel Concentra at p. 8.  The suggestion, first made on May 3, 2011 (three days before the motion was filed), comes too late.  The discovery was served on March 19, **2010**, and Concentra made its response on July 16, **2010**.  I am confounded by the

3

plaintiffs' ten month delay in seeking relief.  A meaningful conference under Rule 7.1A,

D.C.COLO.LCivR, including the belated suggestion to modify the request to address

Concentra's burden objection, should have occurred long before May 3, 2011.

**Request for Production No. 26:**  Plaintiffs' Motion to Compel Concentra is DENIED

based on Concentra's representation that "[t]here are no more documents responsive to Request

No. 26," Response [Doc. # 335] at p. 10, and the plaintiffs' acceptance of that representation.

Reply [Doc. # 378] at p. 8.

## 2.  CONCENTRA'S MOTION: *EX PARTE* INTERVIEWS [Doc. # 308]

By its motion, Concentra seeks two things:

(1)       Leave to conduct *ex parte* interviews of "medical providers who treated Plaintiffs

for their workers' compensation injuries, without prior notice to Plaintiffs' counsel,"

Concentra's Motion: *Ex Parte* Interviews at p. 1; and

(2)       A list identifying all of the plaintiffs' medical providers.  Id. at p. 10

 I previously allowed plaintiffs' counsel to conduct *ex parte* interviews of their clients'

medical providers, finding that there is no federal physician-patient privilege and that the

Colorado privilege does not apply in this action asserting at least one federal claim.  Order [Doc.

# 302] at pp. 6-8.  Consistent with my earlier ruling, Concentra's Motion: *Ex Parte* Interviews is

GRANTED to allow Concentra to conduct *ex parte* interviews of "medical providers who treated

Plaintiffs for their workers' compensation injuries," without prior notice to Plaintiffs' counsel.

 Concentra's Motion: *Ex Parte* Interviews is DENIED insofar as it seeks a list of the

plaintiffs' medical providers, that information having been previously provided on September

30, 2010.

### 3.  WAL-MART'S MOTION TO COMPEL [Doc. # 309]

Wal-Mart's Motion to Compel is GRANTED to require the plaintiffs to answer fully Interrogatories No. 1, 2, 4 (except concerning the "purpose of the inquiry or survey"), and 5 of Wal-Mart's Second Set of Interrogatories.  The information is relevant to the parties' claims and defenses or is reasonably calculated to lead to the discovery of admissible evidence.  Information concerning the plaintiffs' survey of lawyers practicing in the workers' compensation area is distinguishable from requiring the disclosure of witness interviews.  Revealing witness interviews discloses an attorney's thought processes concerning which witnesses to interview and areas of inquiry.  See 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2028 at p. 415.  By contrast, an apparently random (or "indiscriminate") survey of lawyers is not subject to the work-product immunity because there is no similar disclosure of an attorney's thoughts and, in any event, any such immunity was waived by the plaintiffs' reliance on Michael Kaplan's  response to that survey.  Frontier Refining, Inc. v. Gorman-Rupp Co., Inc., 136 F.3d 695, 704 (10th Cir. 1998)(noting that "a litigant cannot use the work product doctrine as both a sword and shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion").

The information sought by Interrogatory No. 3 and that part of Interrogatory No. 4 concerning the "purpose of the inquiry or survey" is not relevant to the parties' claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence.  Wal-Mart's Motion to Compel with respect to that information is DENIED.

## 4.  PLAINTIFFS' MOTION TO COMPEL
## AHAC [Doc. # 311]

Plaintiffs' Motion to Compel AHAC seeks an order compelling answers to three interrogatories and five requests for production of documents.

**Interrogatory No. 32:**  Interrogatory No. 32 seeks very specific information concerning Wal-Mart's workers' compensation insurance, including "ceded loss," "unearned premiums," and "losses paid."  Where, as here, relevancy is not apparent on the face of the interrogatory, "the party seeking the discovery has the burden to show the relevancy of the request."  Johnson v. Olathe School Dist., 212 F.R.D. 582, 586 (D. Kan. 2003).  The plaintiffs have failed to make such a showing, and Plaintiffs' Motion to Compel AHAC is DENIED with respect to Interrogatory No. 32.

**Interrogatory No. 33:**  American Home Assurance Company ("AHAC") previously answered this interrogatory by providing a chart with responsive information.  The plaintiffs complain that the chart "is evasive and it is not clear as to how the chart was prepared or whether it contains all of the responsive information. . . ."  Plaintiffs' Motion to Compel AHAC at p. 6.  AHAC argues that there is nothing to compel with respect to the interrogatory and that it "agrees to explain the contents of the chart to Plaintiffs" and to "supplement the chart to bring it current to the present date."

Plaintiffs' Motion to Compel AHAC is GRANTED to require AHAC to explain the contents of the chart and to supplement the chart to bring it current.

**Interrogatory No. 35 and Production Requests Nos. 20-24:**  Plaintiffs' Motion to Compel AHAC is DENIED with respect to these matters because the relevancy of the discovery is not apparent on the face of the requests and the plaintiffs have failed to demonstrate the

relevancy.  <u>Johnson</u>, 212 F.R.D. at 586.

### 5.  PLAINTIFFS' FIRST MOTION TO COMPEL WAL-MART [Doc. # 312]

Plaintiffs' First Motion to Compel Wal-Mart seeks an order compelling Wal-Mart and Claims Management, Inc. ("CMI"), to respond to five interrogatories and two production requests.

**Interrogatory No. 23:** Plaintiffs state that only three subparts of the interrogatory are at issue:

> (b) The number of those Injured Workers who returned to work with any restrictions including but not limited to temporary alternative duty, the duration of the restrictions and the number who returned without restrictions.
>
> \*    \*    \*
>
> (f) The number of those Injured Workers who separated from Defendants or were terminated by Defendants as a result of inability to return to work to their previous jobs with no restrictions.
>
> (g) The number of those Injured Workers who have been subsequently fired or terminated by Defendants.

Reply [Doc. # 383] at p. 2.

Wal-Mart and CMI have agreed to provide the information sought in subpart (g), so the Plaintiffs' First Motion to Compel Wal-Mart is GRANTED to require a response to that part of the interrogatory.

Wal-Mart and CMI state that the information sought by subparts (b) and (f) is not tracked and that "a manual review of each claimant's claim file or personnel file" is required to respond. Response [Doc. # 338] at p. 7.  The evidence establishes that such a search would require approximately 3,000 hours at a cost of approximately $130,000.  Declaration of Michele Mackey

[Doc. # 338-1] ("Mackey Decl.") at ¶¶ 8-9.

Although responding may require a substantial effort, the information sought is directly relevant to the plaintiffs' theories of liability and damages and goes to the central issues in the case.  The burden and expense associated with this discovery is not disproportionate to its necessity and benefit.  Consequently, Plaintiffs' First Motion to Compel Wal-Mart is GRANTED to require a response to subparts (b) and (f) of Interrogatory No. 23.

**Interrogatory No. 24:** Wal-Mart and CMI state that they have fully answered Interrogatory No. 24, and the plaintiffs do not dispute that assertion. Plaintiffs' First Motion to Compel Wal-Mart is DENIED with respect to Interrogatory No. 24.

**Interrogatories No. 24, 28, and 31:**  Plaintiffs' First Motion to Compel Wal-Mart is DENIED with respect to these matters because the relevancy of the discovery is not apparent on the face of the requests and the plaintiffs have failed to demonstrate the relevancy.  Johnson, 212 F.R.D. at 586.

**Production Request No. 17:** Production Request No. 17 seeks "[a]ll documents, for every claim by an Injured Worker. . . ."  The evidence establishes that "[m]ost of the claim files (approximately 80%) can be collected from the Company's claim management database ("ClaimZone") and the company's imaging system ("EMS").  The remaining claims files (mostly older filed) would have to be collected using a multi-step process from multiple sources."  Mackey Decl. [Doc. # 338-1] at ¶6.  Production would require approximately 3,000 hours at a cost of approximately $130,000.  Id. at ¶¶8-9.

Although responding will require a substantial effort, the information sought is relevant to the parties' claims and defenses and goes to the central issues in the case.  The burden and

expense associated with this discovery is not disproportionate to its necessity and benefit.

Plaintiffs' First Motion to Compel Wal-Mart is GRANTED with respect to Production Request

No. 17.

**Production Request No. 28:**  Wal-Mart and CMI state that they have fully responded to

Production Request No. 28, and the plaintiffs do not dispute that assertion. Plaintiffs' First

Motion to Compel Wal-Mart is DENIED with respect to Production Request No. 28.

## 6.  PLAINTIFFS' MOTION FOR
## PROTECTIVE ORDER [Doc. # 313]

The plaintiffs seek a protective order precluding the defendants from deposing "absent

class members."  Plaintiffs' Motion for Protective Order at p. 2.  The district judge recently

approved the forms of class notice to class members and required that the notice be mailed no

later than July 11, 2011; published no later than July 18, 2011; and posted no later than July 18,

2011.  Order [Doc. # 379].  The district judge has established an opt-out date of September 2,

2011.  Id.  No defendant has issued a notice of deposition or subpoenaed an "absent class

member" for deposition.

In view of these facts, I find that the Plaintiffs' Motion for Protective Order is premature,

and it is DENIED.

The defendants have stated that they are "amenable to taking the requested depositions

after the close of the opt-in period, and along these lines, request that the July 15, 2011 discovery

deadline remain open for the limited purpose of allowing depositions of class members to

proceed."  Response [Doc. # 336] at p. 2.  I agree that depositions of class members should await

the determination of the class.  Once that occurs, and should the defendants still seek to depose

class members, they may seek leave to reopen discovery to do so.

## 7.  PLAINTIFFS' SECOND MOTION TO COMPEL
## WAL-MART [Doc. # 316]

Plaintiffs' Second Motion to Compel Wal-Mart concerns production of privileged and

redacted documents.  The motion is confusing and does not adequately specify the documents

sought.  Wal-Mart and CMI argue that the Rule 7.1A conference, though lengthy, was not

meaningful, stating:

> The parties concluded their lengthy meet and confer after which
> defense counsel sought confirmation from Plaintiffs that their
> questions has been resolved.  Plaintiffs would neither confirm
> resolution nor identify specific entries or documents they found to
> be objectionable so that Defendants could further confer as
> appropriate.

Response [Doc. # 334] at p. 2.  It is also noteworthy that Plaintiffs' Second Motion to Compel

Wal-Mart concerns documents identified in privilege logs served on January 19, 2010, and

January 3, 2011--sixteen and four months, respectively, prior to filing the motion to compel.

These substantial delays are unexplained.

Plaintiffs' Second Motion to Compel Wal-Mart is DENIED.  I cannot rule if the specific

documents in dispute are not clearly identified, just as Wal-Mart could not meaningfully confer

without clarity as to what was in dispute.

## 8.  CONCENTRA'S MOTION RE:
## CONFIDENTIAL DOCUMENTS [Doc. # 351]

Concentra has designated documents as "Confidential" under a blanket protective order

entered in this case.  The plaintiffs have challenged the "Confidential" designation with respect

to "12 pages of administrative forms containing confidential information regarding individual

absent class members that were produced in 2009. . . ."  Concentra's Motion re: Confidential

Documents at p. 2.  All personal identifying information has been redacted from the challenged

documents.

I have reviewed the challenged documents and find that when considered in their current form, with all personal identifying information redacted, they are not confidential. They are offered for use not with respect to any specific individual, but to illustrate generally the use of protocols, which underlies this action.

Concentra's Motion re: Confidential Documents is DENIED.

### 9. MOTION RE: FORTUNATO DEPOSITION [Doc. # 362]

The motion initially was to assure that Dr. Fortunato would appear for his deposition on June 11, 2011, or that the deposition would be rescheduled. Dr. Fortunato's deposition apparently was taken on June 11, 2011, without incident. The plaintiffs persist in pressing the motion, however, claiming an entitlement to attorneys fees.

The plaintiffs could and should have avoided all concerns about Dr. Fortunato's appearance for his deposition by serving a subpoena on him. It does not appear that they proceeded with reasonable diligence to do so. In addition, it is undisputed that there was no Rule 7.1A conference with respect to the specific issue raised by this motion--following a June 3 email, whether Dr. Fortunato would appear for his deposition on June 11.

Under these circumstances, it would be unjust to award plaintiffs their attorneys fees. The Motion re: Fortunato Deposition is DENIED.

IT IS ORDERED:

(1)     Plaintiffs' Motion to Compel Concentra [Doc. # 305] is GRANTED as specified with respect to Interrogatory 19, and otherwise DENIED;

(2)     Concentra's Motion: *Ex Parte* Interviews [Doc. # 308] is GRANTED to allow the

11

*ex parte* interviews, and otherwise DENIED;

(3)     Wal-Mart's Motion to Compel [Doc. # 309] is GRANTED to require full answers to Interrogatories No. 1, 2, 4 (except concerning the "purpose of the inquiry or survey"), and 5, and otherwise DENIED;

(4)     Plaintiffs' Motion to Compel AHAC [Doc. # 311] is GRANTED with respect to Interrogatory No. 33 to require AHAC to explain the contents of the chart and to supplement the chart to bring it current, and otherwise DENIED;

(5)     Plaintiffs' First Motion to Compel Wal-Mart [Doc. # 312] is GRANTED with respect to Interrogatory No. 23, subparts (b), (f), and (g); GRANTED with respect to Production Request No. 17; and otherwise DENIED;

(6)     Plaintiffs' Motion for Protective Order [Doc. # 313] is DENIED as premature;

(7)     Plaintiffs' Second Motion to Compel Wal-Mart [Doc. # 316] is DENIED;

(8)     Concentra's Motion re: Confidential Documents [Doc. # 351] is DENIED;

(9)     Motion re Fortunato Deposition [Doc. # 362] is DENIED; and

(10)    The parties shall make supplemental discovery responses consistent with this Order on or before **August 1, 2011**.

Dated July 8, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge