IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00656-REB-BNB

JOSEPHINE GIANZERO, and
JENNIFER JENSEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WAL-MART STORES, INC., a Delaware corporation,
CLAIMS MANAGEMENT, INC., an Arkansas corporation,
AMERICAN HOME ASSURANCE CO., a New York corporation,
CONCENTRA HEALTH SERVICES, INC., a Nevada corporation, and
JOHN DOES 1-10, whose true names are unknown,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1)     **Plaintiffs' Motion to Seal Exhibits 1 Through 15 Pursuant to D.C.COLO.LCivR 7.2** [Doc. # 293] (the "First Motion to Seal");

(2)     **Plaintiffs' Motion to File [Specified] Documents Under Seal** [Doc. # 314, filed 5/6/2011] (the "Second Motion to Seal");

(3)     **Plaintiffs' Motion to Replace Exhibit 14 With Redacted Exhibit 14 [etc.]** [Doc. # 325, filed 5/11/2011] (the "Motion to Substitute");

(4)     **Defendant American Home Assurance Co.'s Unopposed Motion to Exceed Page Limit** [Doc. # 341, filed 5/27/2011] (the "Motion to Exceed Page Limit");

(5)     **Defendant Concentra Health Services, Inc.'s Motion to File Under Seal Exhibit E** [Doc. # 355, filed 6/1/2011] (the "Third Motion to Seal");

(6) **Plaintiffs' Motion to Seal Exhibit A** [Doc. # 365, filed 6/6/2011] (the "Fourth Motion to Seal"); and

(7) **Plaintiffs' Motion to Seal Exhibit X** [Doc. # 367, filed 6/6/2011] (the "Fifth Motion to Seal").

Local rule of practice 7.2, D.C.COLO.LCivR, governs motions to seal. It provides in relevant part:

> **A. Scope.** The court has a constitutional obligation to determine whether sealing a paper filed in a case or closing all or a portion of a court proceeding is warranted. On motion and an appropriate showing, a judicial officer may order:
>
> 1. that a paper filed in a case shall be sealed. . . .
>
> **B. Judicial Enforcement of Stipulations to Seal.** A stipulated protective order or a confidentiality agreement executed by the parties, standing alone, will not suffice for sealing a paper or closing a court proceeding to the public, will not substitute for the showing required by D.C.COLO.LCivR 7.2C, and will not be binding on the court.
>
> **C. Motion to Seal.** Any motion to seal or restrict public access shall address, at a minimum:
>
> 1. the nature of the material or proceeding at issue;
>
> 2. the private interest that, when weighed against the qualified right or presumption of public access to court files and proceedings, warrants the relief sought;
>
> 3. the clearly defined and serious injury that would result if the relief sought is not granted; and
>
> 4. why a less restrictive alternative to the relief sought is not practicable or would not adequately protect the interest in question (e.g., redaction, summarization, limited sealing of exhibits or portions of exhibits).
>
> **J. Effect of Denial of a Motion to Seal.** A paper filed under seal

> shall be deemed part of the public record if a motion to seal is
> denied, unless otherwise requested and ordered by the court, or
> subject to Fed. R. Civ. P. 72(a) concerning objections relating to
> non-dispositive matters.

The important public interests in open court records are discussed in Huddleson v. City of Pueblo, 270 F.R.D. 635 (D. Colo. 2010), and include:

> People in an open society do not demand infallibility from their
> institutions, but it is difficult for them to accept what they are
> prohibited from observing. The public has a fundamental interest
> in understanding the disputes presented to and decided by the
> courts, so as to assure that they are run fairly and that judges act
> honestly.

Id. at 635 (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509 (1984)).

The right to inspect and copy judicial records is not absolute, however. To the contrary:

> All courts have supervisory powers over their own records and
> files. Thus a court, in its discretion, may seal documents if the
> public's right of access is outweighed by competing interests.
>                          *   *   *
> [B]ecause the analysis of the question of limiting access is
> necessarily fact-bound, there can be no comprehensive formula for
> decisionmaking. The decision as to access is one best left to the
> sound discretion of the trial court, a discretion to be exercised in
> light of the relevant facts and circumstances of the particular case.

United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985). Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness. Huddleson, 270 F.R.D. at 637.

Except with respect to Exhibit 14, no adequate showing has been made that the private interest in sealing, when weighed against the qualified right or presumption of public access to court files and proceedings, warrants sealing the documents identified in the First Motion to Seal [Doc. # 293], or of a clearly defined and serious injury that would result if the documents are not

sealed.  Consequently, the First Motion to Seal [Doc. # 293] is DENIED with respect to Exhibits 1-13 and 15.  Exhibit 14, by contrast, contains personal identifying information, including names, addresses, Social Security numbers, and dates of birth, which when taken together expose the subjects to possible abuse.  Consequently, The First Motion to Compel is GRANTED with respect to Exhibit 14, which shall remain under seal.

The Motion to Substitute [Doc. # 325] seeks to substitute a redacted version of Exhibit 14 which does not contain the personal identifying information.  The Motion to Substitute [Doc. # 325] is GRANTED.

The Second Motion to Seal [Doc. # 314], Third Motion to Seal [Doc. # 355], Fourth Motion to Seal [Doc. # 365], and Fifth Motion to Seal [Doc. # 367] all fail to make an adequate showing that the private interest in sealing, when weighed against the qualified right or presumption of public access to court files and proceedings, warrants sealing the documents, or of a clearly defined and serious injury that would result if the documents are not sealed.  Consequently, the Second Motion to Seal [Doc. # 314], Third Motion to Seal [Doc. # 355], Fourth Motion to Seal [Doc. # 365], and Fifth Motion to Seal [Doc. # 367] are DENIED.

The Motion to Exceed Page Limit [Doc. # 341] is not opposed, and is GRANTED.

IT IS ORDERED:

(1)     The First Motion to Seal is GRANTED with respect to Exhibit 14, which shall remain sealed, and is otherwise DENIED.  Exhibits 1 through 13 and 15 shall be unsealed and deemed a part of the public record;

(2)     The Motion to Substitute [Doc. # 325] is GRANTED, and the Clerk of the Court is directed to accept for filing Doc. # 325-1;

(3)     The Second Motion to Seal [Doc. # 314], Third Motion to Seal [Doc. # 355], Fourth Motion to Seal [Doc. # 365], and Fifth Motion to Seal [Doc. # 367] are DENIED. The materials sought to be filed under seal shall be unsealed and deemed a part of the public record; and

(4)     The Motion to Exceed Page Limit [Doc. # 341] is GRANTED.

Dated July 8, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge