IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00656-REB-BNB

JOSEPHINE GIANZERO, and
JENNIFER JENSEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WAL-MART STORES, INC., a Delaware corporation,
CLAIMS MANAGEMENT, INC., an Arkansas corporation,
AMERICAN HOME ASSURANCE CO., a New York corporation,
CONCENTRA HEALTH SERVICES, INC., a Nevada corporation, and
JOHN DOES 1-10, whose true names are unknown,

Defendants.
_____

**ORDER**
_____

This matter arises on **Plaintiffs' Emergency Motion for Protective Order Regarding the Deposition of Dr. David Orgel and Request for Expedited Briefing and Hearing** [Doc. # 394, filed 6/20/2011] (the "Motion for Protective Order"), which is DENIED.

The Motion for Protective Order seeks to postpone the deposition of Dr. David L. Orgel based on a dispute concerning the release of medical records of two Wal-Mart employees whom Dr. Orgel treated while he was affiliated with Concentra--John Thatcher and Carol Horsley. The plaintiffs summarize their position as follows:

> Concentra has taken the position that it will produce relevant documents at some point **during** the deposition [of Dr. Orgel]. Apparently, Plaintiffs' counsel is expected to review the documents as Dr. Orgel testifies, while simultaneously participating in the deposition. This is fundamentally unfair. Moreover, the subject documents are responsive to a document request Plaintiffs served more than 15 months ago and for which

> the underlying individuals, who were employed by Wal-Mart and treated by Concentra, provided HIPAA [sic] compliant medical releases that were produced to all parties as a part of a filing on November 12, 2009.  Dkt. No. 98-3.  After Concentra informed Plaintiffs on June 15, 2011 of its intent to examine Dr. Orgel regarding select medical records at the June 22, 2011 deposition, Plaintiffs requested the complete files be produced at least two (2) business days prior to the deposition so that counsel has a reasonable time to review them.  Concentra refused, and informed Plaintiffs that it will not make any records available until sometime during the deposition itself.

Motion for Protective Order [Doc. # 394] at p. 2 (original emphasis; footnote omitted).  The plaintiffs' contentions are not entirely accurate.

I am informed that Thatcher and Horsley executed HIPPA compliant releases of their medical records in October 2009.  Concentra Response [Doc. # 414] at p. 2.  Copies of those releases, with the patients' names and signatures redacted, were filed by plaintiffs' counsel on November 12, 2009, as exhibits to a motion.  Thus, it is apparent that the plaintiffs had access to the Thatcher and Horsley releases at that time and, through the use of those releases could have obtained copies of Thatcher and Horsley's medical records.  Apparently, they did not.

The plaintiffs' Production Request 25 sought all documents "**for every claim by an Injured Worker,**" including their claim files and treatment records.  The production request was not limited to the medical records of Thatcher and Horsley.  To the contrary, I am informed that a response to Production Request 25 would have required the review of 8,379 patient charts.  See Order [Doc. # 411] at p. 3.  And although the discovery request was served on March 19, 2010, and Concentra's response was made on July 16, 2010, the plaintiffs waited ten months, until

May 6, 2011, to file a motion to compel production of the documents.[1]

Dr. Orgel's deposition was set for June 22, 2011. On June 15, 2011, Concentra's counsel wrote to plaintiffs' counsel stating:

> I am writing in advance of the deposition of David Orgel, M.D., set for June 22, 2011. As you know, Plaintiffs procured communications and information from Dr. Orgel with regards to several patients. Those patients included John Thatcher and Carol Horsley. Mr. Thatcher and Ms. Horsley both provided releases for release of their medical charts to you and Mr. Mullens [plaintiffs' co-counsel]. Considering these releases were eventually disclosed with regards to these patients, we will be releasing the medical records of these two patients, pursuant to the protective order. If you oppose this disclosure, please articulate the basis for your position and notify us by end of business tomorrow, Thursday, June 16, 2011.

Cook-Olson Letter [Doc. # 394-2] at p. 1. Thus, absent an objection by plaintiffs', Concentra would have released the Thatcher and Horsley medical records on or about June 16, 2011, approximately six days before Dr. Orgel's deposition. Plaintiffs' counsel would have had adequate time prior to the deposition to examine the records. Instead, however, plaintiffs' counsel objected to the release of the records, writing:

> As we understand your request, Concentra now believes documents or information contained in the medical files of two Wal-mart injured workers are somehow favorable to Concentra and intend to challenge Dr. Orgel with these materials at his deposition, which is less than a week away. If the <u>complete</u> medical and billing files, including the Outcome Assurance Case Summary, for these workers are not provided in a manner that ensures receipt to all Plaintiffs' counsel of record <u>by 5:00 p.m. MDT on June 17, 2011</u>, we will seek relief from the court.

---

[1] The motion to compel the medical records was denied in part based on the evidence of the undue burden required to produce the requested documents and in part on the plaintiffs' unreasonable delay in bringing their motion to compel.

Markert Letter [Doc. # 394-2] at p. 2 (original emphasis).

The plaintiffs could have obtained the Thatcher and Horsley medical records, through the use of the medical releases in their control, at anytime after November 12, 2009.  They did not.  They could have received copies of those materials on or about June 16, 2011, but instead they objected to their release.  Their complaint to Dr. Orgel's deposition going forward as scheduled and ordered by the court--that they had not obtained the Thatcher and Horsley medical records in advance of Dr. Orgel's deposition--is a circumstance of their own making.

By filing the Motion for Protective Order, the plaintiffs precluded Dr. Orgel's deposition from proceedings.  See D.C.COLO.LCivR 30.2A (providing that "[p]ending resolution of any motion under Fed. R. Civ. P. 26(c) or 30(d), no party, attorney, or witness is required to appear at the deposition to which the motion is directed until the motion has been resolved").  The discovery cut-off is July 15, 2011.  Consequently, Dr. Orgel's deposition must be rescheduled to a date after the close of discovery.

IT IS ORDERED:

(1)     The Motion for Protective Order [Doc. # 394] is DENIED;

(2)     The deposition of Dr. Orgel shall be reset to a date and time as the parties and the witness may agree, but shall occur no later than **August 1, 2011**; and

(3)     The discovery cut-off is extended through the close of Dr. Orgel's deposition, solely to allow that deposition to be taken and completed.

Dated July 13, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge