**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-00656-REB-BNB

JOSEPHINE GIANZERO, and
JENNIFER JENSEN, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

WAL-MART STORES, INC., a Delaware corporation,
CLAIMS MANAGEMENT, INC., an Arkansas corporation,
AMERICAN HOME ASSURANCE CO., a New York corporation,
CONCENTRA HEALTH SERVICES, INC., a Nevada corporation,
and JOHN DOES 1-10, whose true names are unknown,

    Defendants.

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND
SETTING FINAL FAIRNESS HEARING**

WHEREAS, on November 18, 2011 the parties to this action (the "Class Action") entered into a Settlement Agreement which is subject to review by this Court under Federal Rule of Civil Procedure 23(e), and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of this Class Action on the merits and with prejudice upon the terms and conditions set forth in the Settlement Agreement; and the Court having read and considered the Settlement Agreement and the accompanying documents; and the parties to the Settlement Agreement having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Settlement Agreement;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, as follows:

1. This Court previously certified this action as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure and appointed Frances Koncilja of Koncilja & Associates, P.C., Solomon B. Cera of Gold Bennett Cera & Sidener LLP, and Steven U. Mullens of Steven U. Mullens, P.C. as counsel for the plaintiff class pursuant to Rule 23(g), as reflected in the Court's Order dated March 29, 2010.

2. The Court hereby certifies for settlement purposes only the following sub-class "A" of current and former injured workers at defendant Wal-Mart Stores, Inc. ("Wal-Mart"), finding that it meets the numerosity, typicality and common questions of law or fact requirements of Rule 23(a), and that defendants Wal-Mart and Claims Management Inc.'s conduct applies generally to the sub-class so that final injunctive relief is appropriate respecting the sub-class as a whole pursuant to Rule 23(b)(2), as follows:

> **Rule 23(b)(2) Sub-Class (Subclass A):**
>
> All current and former employees of Wal-Mart who, during the period from January 1, 2001 through November 1, 2011, have received, have attempted to obtain, are currently receiving or are currently attempting to obtain, or will in the future receive or will attempt to obtain workers' compensation benefits for injuries sustained within the course and scope of their employment with Wal-Mart, which benefits were or are regulated by the Workers' Compensation Act of Colorado.

3. The Court hereby certifies for settlement purposes only the following sub-class "B" regarding injured Wal-Mart workers who were treated at a facility operated by defendant Concentra Health Services, Inc. ("Concentra") during the Settlement Class Period, finding that it meets the numerosity, typicality

#124968                                   1

and common questions of law or fact requirements of Rule 23(a), and that questions of law or fact common to class members predominate over any questions affecting only individual claims and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy pursuant to Rule 23(b)(3), as follows:

> **Rule 23(b)(3) Sub-Class ("Subclass B")**
>
> All current and former employees of Wal-Mart who, during the period from January 1, 2001 through November 1, 2011, had an open claim for workers' compensation benefits for injuries sustained within the course and scope of their employment at Wal-Mart, which benefits are or were regulated by the Workers' Compensation Act of Colorado, and who were treated at a Concentra facility for such work related injuries.

4. The Court hereby certifies for settlement purposes only the following sub-class "C" regarding injured Wal-Mart workers who were treated at a facility other than a Concentra facility during the Settlement Class Period, finding that it meets the numerosity, typicality and common questions of law or fact requirements of Rule 23(a), that questions of law or fact common to class members predominate over any questions affecting only individual claims, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy pursuant to Rule 23(b)(3), as follows:

> **Rule 23(b)(3) Sub-Class ("Subclass C")**:
>
> All current and former employees of Wal-Mart who, during the period from January 1, 2001 through November 1, 2011, had an open claim for workers' compensation benefits for injuries sustained within the course and scope of their employment at Wal-Mart, which benefits are or were regulated by the Workers' Compensation Act of Colorado and were treated at a facility other than a Concentra facility for such work related injuries.

5. The Court hereby finds Plaintiffs Josephine Gianzero and Jennifer Jensen will fairly and adequately protect the interests of the Settlement Sub-Classes and they are hereby approved as settlement class representatives pursuant to Rule 23(a).

6. The Court hereby preliminarily approves the proposed settlement of the Class Action and directs that Notice of the proposed Settlement be provided to Settlement Class Members as provided hereinbelow.

7. A hearing pursuant to Federal Rule of Civil Procedure Rule 23(e) (the "Settlement Fairness Hearing"), is hereby scheduled to be held before the Court on March 23, 2012, at 9:00 a.m. for the following purposes:

   (a) to determine whether the terms of the proposed Settlement are fair, reasonable, and adequate, and should be approved by the Court;

   (b) to determine whether the proposed Plan of Allocation of the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

   (c) to determine whether the Final Judgment and Order of Dismissal with Prejudice and the Order of Injunction as provided under the Settlement Agreement should be entered, dismissing the Complaint filed herein on the merits and with prejudice, and to determine whether the release by the Class in favor of the Releasees, as set forth in the Settlement Agreement, should be provided;

   (d) to consider Plaintiffs' Counsels' request for an incentive award to class representatives Josephine Gianzero and Jennifer Jensen;

    (e) to consider Plaintiffs' Counsels' application for an award of attorneys' fees and expenses; and

    (f) to rule upon such other matters as the Court may deem appropriate.

  8. The Court, in its discretion, may approve the Settlement with or without modification and with or without further notice of any kind.  The Court, in its discretion, may also enter its Final Judgment and Order of Dismissal with Prejudice approving the Settlement Agreement and dismissing the Complaint on the merits and with prejudice as against the Defendants and Releasees, and the Order of Injunction, regardless of whether it has approved the proposed Plan of Allocation or awarded incentive payments or attorneys' fees and expenses.

  9. The Court approves the form, substance and requirements of the Notice of Proposed Class Action Settlement (the "Notice") attached hereto as Exhibit "1".

  10. The Court approves the selection of Gilardi & Co. LLC as Claims Administrator.

  11. Plaintiffs' Counsel shall cause the Notice, substantially in the form attached hereto, to be mailed, by first class mail, postage prepaid, on or before December 5, 2011, to all Class Members who are identified by defendant Wal-Mart as falling within the settlement class definitions and who are entitled to receive the Notice.  Plaintiffs' Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice.

12. The Court approves the form of Publication Notice substantially in the form attached hereto as Exhibit "2", and directs that Plaintiffs' Counsel shall cause the Publication Notice to be published within ten (10) days of the mailing of the Notice in the same newspapers that the Notice of Class Action was published pursuant to the Court's June 9, 2011 Order (Dkt. 379). Plaintiffs' Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Publication Notice.

13. The date of the settlement hearing and the deadline for class members to opt-out of the class, to object to the settlement, or to comment on the settlement, are stated in this order. **Counsel for the plaintiffs shall ensure that the settlement hearing date and the deadline to opt-out of the class, to object to the settlement, or to comment on the settlement are included in Exhibit "1" and Exhibit "2," at the appropriate places, before those exhibits are mailed or published.**

14. The form and method set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

15. Class Members shall be bound by all determinations and judgments in the Class Action, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request

in written form, by first class mail, postage prepaid, and postmarked no later than January 23, 2012 to the address specified in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in <u>Wal-Mart Colorado Workers' Compensation Litigation</u>, and must be signed by such person. A request for exclusion must identify the class member's complete name and home address, and must be signed and dated. The request for exclusion shall not be effective unless it provides the required information and is timely submitted, or the exclusion is otherwise accepted by the Court. Prior requests for exclusion from the class submitted in response to the notice previously provided pursuant to the June 9, 2011 Order Directing Notice to Class (Dkt. 379) shall not be operative to effect an exclusion from the settlement classes.

16. Class Members requesting exclusion shall not be entitled to receive any payment out of the Net Settlement Amount as described in the Settlement Agreement and Notice.

17. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, the award of incentive payments to the class representatives, or the application for attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court for the District of Colorado, 901 19th Street, Denver, Colorado 80202, and copies of all such papers are served, on or before January 23, 2012, upon each of the

following: Class Counsel, Frances Koncilja, Esq., Koncilja & Associates, 800 18th Street, Suite 300, Denver, Colorado 80202, and to counsel for Wal-Mart, Naomi Beer, Esq., Greenberg Traurig, 1200 17th Street, Suite 2400, Denver, Colorado 80202 and counsel for Concentra, Amy Cook-Olson, Esq., Murphy Decker Hensen and Cook-Olson, 1500 West Canal Court, Suite 1500, Littleton, CO 80120.  Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, request for incentive award to the class representatives and/or the application for attorneys' fees and expenses, are required to indicate in their written objection their intention to appear at the Settlement Fairness Hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, request for incentive award to the class representatives and/or the application for attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

18. Pending final determination of whether the Settlement should be approved, Plaintiffs' Counsel may expend from the Class Settlement Amount, without further approval from the Defendants or the Court, up to the sum of $100,000.00 to pay the reasonable costs and expenses associated with the administration of the notice previously provided pursuant to the June 9, 2011

Order Directing Notice to Class (Dkt. 379) and the Notice of Proposed Settlement, including without limitation, the costs of identifying members of the Class and effecting mailed Notice and Publication Notice. Such amounts shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice.

19. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf shall not institute, commence or prosecute any action, in any forum, which asserts Settled Claims against any Defendant.

20. If: (a) the Settlement is terminated by Plaintiffs or Defendants pursuant to paragraph 17 of the Settlement Agreement or Defendants elect to terminate the Settlement Agreement pursuant to paragraph 9.3 of the Settlement Agreement; or (b) any specified condition to the Settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by Plaintiffs' Counsel and Defendants' Counsel; or (c) the Court rejects, in any respect, the Final Judgment and Order of Dismissal with Prejudice or the Order of Injunction in substantially the form and content attached to the Settlement Agreement as Exhibit A-2 and Plaintiffs' Counsel and Defendants' Counsel do not consent to the entry of another form of order in lieu thereof; or (d) the Court rejects the Settlement Agreement, including any amendment thereto approved by Plaintiffs' Counsel and Defendants' Counsel; or (e) the Court approves the Settlement Agreement, including any amendment thereto approved

by Plaintiffs' Counsel and Defendants' Counsel, but such approval is reversed on appeal and such reversal becomes final; or (f) the settlement is terminated or this Order does not become effective for any reason and the provisions of paragraph 17.1 of the Settlement Agreement are applicable, then, in any such event, the Settlement Agreement, including any amendment(s) thereof and this Preliminary Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his or its respective position as it existed in the litigation as of September 22, 2011 and subject to the provisions of paragraph 17.1 of the Settlement Agreement.

21. Plaintiffs shall file all papers in support of final approval of the Settlement, the Plan of Allocation, incentive awards and the request for an award of attorneys' fees and expenses on or before March 9, 2012.

22. The Court retains exclusive jurisdiction over the Class Action to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED**.

Dated November 22, 2011, at Denver, Colorado.

                **BY THE COURT:**

                s/ Robert E. Blackburn
                Robert E. Blackburn
                United States District Judge