**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:09-cv-00656-REB-BNB

JOSEPHINE GIANZERO and
JENNIFER JENSEN,
individually and on behalf
of all others similarly situated,

Plaintiffs,

v.

WAL-MART STORES, INC., a Delaware corporation;
CLAIMS MANAGEMENT, INC., an Arkansas corporation;
AMERICAN HOME ASSURANCE CO., a New York corporation;
CONCENTRA HEALTH SERVICES, INC., a Nevada corporation; and
JOHN DOES 1-10, whose true names are unknown,

Defendants.

---

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

---

This matter came before this Court on the Plaintiffs' Motion for Final Approval of Settlement ("Final Approval Motion") (Doc. #483) and Plaintiffs' Unopposed Motion for Award of Attorneys' Fees, Reimbursement of Expenses, And for Payment of Incentive Awards to the Class Representatives (Doc. # 484).

WHEREAS, a class action is pending before the Court entitled *Josephine Gianzero, et al. v. Wal-Mart Stores, Inc., et al.*, Civil Action No. 1:09-cv-00656-REB-BNB ("Class Action");

WHEREAS, pursuant to Federal Rules of Civil Procedure Rule 23(a), the Court appointed Plaintiffs Josephine Gianzero and Jennifer Jensen settlement class representatives;

WHEREAS, the Court has received and reviewed the Settlement Agreement (Dkt. #464) (the "Agreement"), and has considered the terms of the proposed settlement set forth therein (the "Settlement");

WHEREAS, all terms contained herein shall have the same meanings as set forth in the Agreement, unless otherwise defined herein;

WHEREAS, on November 22, 2011, the Court entered its order preliminarily approving the Settlement of this class action, approving the form and method of notice, and setting a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court pursuant to Rule 23 of the Federal Rules Civil Procedure as fair, adequate, and reasonable (the "Preliminary Approval Order") (Doc. # 467);

WHEREAS, the Preliminary Approval Order further directed that all members of the Settlement Class be given notice of the Settlement and of the date for the final fairness hearing;

WHEREAS, the Court has received a declaration from the Claims Administrator, Gilardi, LLC, attesting to the mailing and publication of the Notice in substantial accordance with the Preliminary Approval Order;

WHEREAS, the Court having considered all timely filed objections to the Settlement; and

WHEREAS, the Court having conducted a final fairness hearing on March 23, 2012 (the "Fairness Hearing") to consider whether to approve the Settlement under Federal Rule of Civil Procedure Rule 23(e), after due and adequate notice of said hearing was given to Settlement Class Members as well as to all parties in the Class Action;

WHEREAS, the court has considered carefully the motion for attorney fees in the context of the twelve factors specified by the court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)[1]; and

WHEREAS, the Court has considered the Agreement, the information provided to the Court before and at the Fairness Hearing, all papers filed and proceedings had herein and all oral and written comments received regarding the Agreement, and has reviewed and considered the entire record in the Class Action, and otherwise being fully informed in the premises and good cause appearing therefore;

**IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

1.  The Court has jurisdiction over the subject matter of this action, and personal jurisdiction over the Settlement Class Representatives, all Settlement Class Members, and each of the Defendants.

2.  In accordance with Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, all Settlement Class Members have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the parties, the Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Agreement and the Court's Preliminary Approval Order (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (c) were reasonable and constituted

---

[1] The court also approves, adopts, and incorporates the facts presented, reasons stated, arguments advanced and authorities cited by the plaintiffs in their motion for attorney fees (Doc.#484) and during the fairness hearing on March 23, 2012.

3

due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law.

3. The Settlement as set forth in the Agreement in this action warrants final approval pursuant to Rule 23 of the Federal Rule of Civil Procedure because it is fair, adequate, and reasonable to those it affects, and resulted from vigorously contested litigation, including nearly three years of discovery, motion practice and expert discovery, and extensive good-faith arm's length negotiations between the parties, and is in the public interest considering the following factors:

(*i*) plaintiffs' likelihood of success on the merits, weighed against the amount and form of relief offered in the settlement;

(*ii*) the complexity, expense and likely duration of the litigation;

(*iii*) the stage of proceedings and the amount of discovery completed;

(*iv*) the nature of the settlement negotiations;

(*v*) the objections raised by members of the class; and

(*vi*) the judgment of experienced counsel.

4. The Final Approval Motion is hereby GRANTED, and the Settlement and the Agreement are hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Agreement are hereby determined to be fair, reasonable and adequate, for the exclusive benefit of the Settlement Class Members (other than those listed on Exhibit 1 hereto who have validly excluded themselves from this Class Action). The Court has considered the single objection to the Settlement, and for good cause shown, the objection is HEREBY OVERRULED. The Parties are directed to consummate the Agreement in accordance with its terms and provisions.

#124996

5. The Court APPROVES the Plan of Allocation as fair and reasonable, and the plan is supported by relevant factors, which have been considered by the Court.

6. The Court APPROVES payment of the Class Settlement Amount in accordance with the terms of the Agreement and this Final Judgment and Order of Dismissal. Class Counsel and the Claims Administrator are directed to administer the Agreement in accordance with its terms and provisions.

7. The Court APPROVES payment of Incentive Awards to Josephine Gianzero and Jennifer Jensen to be paid from the Class Settlement Amount in the amount of $10,000 each. The Court finds that Class Counsel's request for incentive payments to the Settlement Class Representatives is reasonable, and that the request is supported by relevant factors, which have been considered by the Court.

8. The Court APPROVES payment of Attorneys' Fees and Costs to Class Counsel to be paid from the Class Settlement Amount in the amount of $4,537,128. The Court finds that Class Counsel's request for attorneys' fees and costs is reasonable, and that the request is supported by relevant factors, including, but not limited to the twelve factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), which factors have been considered by the Court.

9. The Class Settlement Amount, Incentive Awards, and Attorneys' Fees and Costs Amount shall be distributed in accordance with the terms of the Agreement. The Court further orders a reserve of $10, 000 from the Class Settlement Amount be set aside to fund settlement payments, if necessary, to previously unidentified Settlement Class Members in Subclasses "B" and "C" and for any contested payments within these subclasses.

10. Settlement Class Members in Subclasses "B" and "C" eligible to receive a settlement payment will have up to 120 days from the date of issuance to cash their settlement check.

11. Any Class Members in Subclasses "B" and "C" eligible to receive a settlement payment who have not been located as of the date of this Order will have up to one (1) year from the date of this Order to contact the Claims Administrator, Gilardi & Co LLC, to provide an address to receive payment and thereafter will have up to 120 days from the check issuance date to cash their settlement check.

12. The Litigation is DISMISSED WITH PREJUDICE and without costs to any Party, other than as specified in the Agreement and this Order.

13. In consideration of the Class Settlement Amount, and for other good and valuable consideration, each of the Releasing Settlement Class Members shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees in accordance with Section 12 of the Agreement, shall have covenanted not to sue any of the Releasees with respect to all such Settlement Class Member Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Settlement Class Member Released Claim against any of the Releasees.

14. This Judgment is the Final Judgment in the suit as to all Settlement Class Member Released Claims.

15. Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Agreement; (b) distribution of the Class Settlement Amount, the Incentive Awards, and the

Attorneys' Fees and Costs; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Agreement and/or the Settlement  The time to appeal from this Judgment shall commence upon its entry.

16. Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over enforcement of the Order of Injunction dated March 26, 2012, [Dkt #491].

17. In the event that the Settlement Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Settlement Class Members, and the Defendants.

18. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

19. This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

**IT IS SO ORDERED**.

Dated this March 26, 2012.

s/ Robert E. Blackburn

Robert E. Blackburn
United States District Court Judge

# Exhibit 1 to Final Judgment

*Gianzero v. Wal-Mart Stores, et al.*, No. 1:09-cv-00656-REB-BNB

Class Members Requesting Exclusion

| First Name | Last Name | SubClass |
| --- | --- | --- |
| DEBORAH | ABEYTA | C |
| JAMES | ALLEN | C |
| MAMADOU | ALY | C |
| CANDACE | ARCHIBEQUE | C |
| INNA | BALABAN | B |
| BEVERLY | BAZATA | C |
| DAVID | BETZ | B |
| DAVID | BRADLEY | B |
| DIANA | BRAUNSCHWEIG | C |
| FRANCIS | BRITO | C |
| ALONZO | BRYAN | B |
| JOLENE | BUNTIN | C |
| MICHAEL | CALOVICH | C |
| EDWARD | CECH | C |
| GUILLERMO | CERVANTES | C |
| TERRI | CORNETT | C |
| THERESA | DARNER | C |
| NICOLE | DAVIS | C |
| JEFF | DORLAND | B |
| JOHN | DORSEY | B |
| MARY | DUDEK | B |
| BARBARA | DYE | B |
| MARY | ESTERBROOK | C |
| ULISES | ESTRADA | C |
| PAULA | EVANS | C |
| CONNIE | EVES | C |
| STEVEN | FERNANDEZ | C |
| HECTOR | FLORES | C |
| RAUL (ROY) | FLORES | C |
| BARBARA | FRITSCHE | B |
| KAREN | GLAZER | C |
| BRENDA | GOAR | C |
| MICHAEL | GOSS | C |
| TAZA | GOSSERT | C |
| NICCOLO | GRANDO | B |
| CONNIE | GRATTAN | C |
| PATRICIA | GROGAN | C |
| ROBIN | HANEY | C |
| JENNIFER | HELLMAN | C |
| REBECCA | HOFFMAN | B |
| CAROLE | HOLT | B |
| MARCO | HUERTA | B |

| First Name | Last Name | SubClass |
|---|---|---|
| LINDA | JAMESON | C |
| DAVID | KIME | B |
| MARLENE | KNIZLEY | C |
| SARAH | LEHMAN | B |
| KATHLEEN | LOGSTON | C |
| JOHN | LOOS SR | C |
| TOBY | LOPEZ | C |
| JONATHAN | MALONEY | B |
| RENITA | MANZANARES | B |
| ILENE | MCFARLAND | C |
| PAMELA | MCILVANIE | C |
| GREGORY | MONDRAGON | C |
| JANA | MONDRAGON | C |
| DEBBI | NEILSON | B |
| SHIRLEY | OBERLIN | B |
| VIRGINIA | ODOM | C |
| CYNTHIA | PATRICK | C |
| MARK | PLUCINSKI | C |
| LESLIE | ROBERTS | C |
| PRISCILLA | SAMORA | C |
| MARIO | SCALONA | B |
| DAVID | SHAFFER | C |
| ELLEN | SHAFFER | C |
| LARRY | SHED | C |
| ROSE | SMITH | C |
| SANDRA | SNYDER | C |
| NICHOLAS | STARK | C |
| LOURDES | TANI HERNANDEZ | B |
| MARVILINE | THOMAS | B |
| KEVIN | TOOLEY | C |
| KATIE | TWISS YATES | C |
| JAMES | WHEELER | C |
| MICAH | WILDING | C |
| SONDRA | WILSON | B |
| HEIDI | WRIGHT | C |
| STEVEN | HORN (RECEIVED LATE) | C |
| FRANCISCA | POLANCO (RECEIVED LATE) | B |

#124996