IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-00656-REB-BNB

JOSEPHINE GIANZERO and
JENNIFER JENSEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WAL-MART STORES, INC., a Delaware corporation;
CLAIMS MANAGEMENT, INC., an Arkansas corporation;
AMERICAN HOME ASSURANCE CO., a New York corporation;
CONCENTRA HEALTH SERVICES, INC., a Nevada corporation; and
JOHN DOES 1-10, whose true names are unknown,

Defendants.

## ORDER OF INJUNCTION

Pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, and as part of its approval of the Settlement of this action, the Court hereby enters the following injunction as agreed by Defendants Wal-Mart Stores, Inc. ("Wal-Mart") and Claims Management, Inc. ("CMI").

**A.   Reason for Injunction**

In accordance with the Settlement Agreement dated November 18, 2011 (Dkt. No. 470) ("Settlement Agreement"), the Court enters this Injunction to ensure, as required by Colorado law, that the Settlement Class Members receive the benefit of § 8-43-503(3), C.R.S., which prohibits the dictation of medical care.

**B.   Terms of Injunction**

   1.   Based on the above, this Court hereby enjoins Wal-Mart and CMI from implementing, imposing, circulating, enforcing, and/or using any written

  protocol or directives that are inconsistent with the dictation of care provisions of the Colorado Workers' Compensation Act, Section 8-4-503(3) and/or the Medical Treatment Guidelines

2. Based on the above, this Court hereby orders Wal-Mart and CMI to issue a written and electronically delivered directive to CMI adjusters and other Wal-Mart or CMI personnel with responsibility for Colorado workers' compensation claims, and to Concentra Inc., Concentra Health Services, Concentra Integrated Services, Inc., Occupational Health Centers of the Southwest, P.A., P.C., that the "Protocol Notes" that were the subject of Administrative Law Judge Bruce C. Friend's August 20, 2007 order in Case Number WC 4-669-749 of the State of Colorado Office of Administrative Courts (exemplar copy attached as Exhibit 1) have been withdrawn and are no longer in effect and that this Court has entered the above Injunction.

3. During the period of time in which this Injunction is in effect, Wal-Mart and CMI are ordered to provide periodic training and education to CMI adjusters who adjust claims of work-injured employees of Wal-Mart that are brought pursuant to the Colorado Workers' Compensation Act as to their responsibilities to comply with the terms of this Injunction. In the event that Wal-Mart contracts with a new Third Party Administrator to adjust Colorado workers' compensation claims, Wal-Mart shall provide that Third Party Administrator with a copy of this Injunction.

**C.**  **Duration of Injunction and Persons Bound**

1. This Injunction shall be effective for a period of four (4) years from the date this injunction is entered as an Order of the Court and becomes final in accordance with the Parties' Settlement Agreement.

2. The Injunction shall be binding on Wal-Mart and CMI.

**D.**  **Jurisdiction and Enforcement of Injunction**

1. This Court retains the exclusive and sole jurisdiction to enforce the terms of this Injunction.

2. Other than in connection with a proceeding in this Court to enforce the terms of the Injunction, no person, nor any person's representative shall utilize the existence of this Injunction as evidence in any administrative, civil, criminal or any other

court, tribunal, proceeding, or forum, including any workers' compensation proceeding, as evidence that any Releasee (as that term is defined in the Settlement Agreement) engaged in any wrongdoing or has admitted any liability whatsoever. Provided, however, that nothing herein is intended to bar any Settlement Class Member (as that term is defined in the Settlement Agreement) from arguing that the Injunction has been breached, or any Defendant (as that term is defined in the Settlement Agreement) from raising any defense to such an argument made by any Settlement Class Member.

IT IS SO ORDERED.

Dated March 26, 2012, at Denver Colorado.

BY THE COURT:

s/ Robert E. Blackburn

Robert E. Blackburn
United States District Court Judge

DEN 97668561v